The Court
(Fitzhugh, J., absent)
said he could not demand the production of the original. He had admitted the execution of the deed and its contents. He had either had oyer or he had not. If he pleaded, with out oyer, he equally admitted the statement of it in the declaration to be true, if he had oyer he has spread it on the record.
Mr. Key, then contended, that there being a power of sale in the mortgage; the .jury;had a right to presume and ought to presume, that the land existed, 'that-the title was good, that Beall had sold it, and received, full satisfaction of the debt.,
But the Coukt said that there was no such presumption, and that it was incumbent upon Mr.. Newton to prove that Beall had sold the land, and that it had produced the money.
The defendant’s witness had stated that he had heard that the land sold, for one hundred and,ten dollars. The plaintiff’s counsel, Mr. Morsell, did not object to such testimony; and in arguing to the jury, stated it to be evidence. Mr. Key contended that it was not evidence j and so the Court decided.
Mr. Key claimed a right to open the argument to the jury.
Duckett, J.,
said that in his practice the plaintiff uniformly opened and closed.
Cranch, C. J.,
said that the practice of this Court always had been, that the party who held the affirmative, and on whom the burden of proof lay, had. the right to open and close the argument to the jury; but if there were more issues than one, and the plaintiff held the affirmative in any one of the issues, the plaintiff had the right. 3 Bl. Com. 366.
Duckett, J., acquiesced in consequence of Cranch, C. J., stating the practice to be so.